IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY MACULA, *et al.*, | ) | CASE NO.: 1:07 CV 1545 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| LAWYERS TITLE INSURANCE CORP., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant, Lawyers Title Insurance Corp.'s Motion to Dismiss the Class Action Complaint. (ECF # 9). For the reasons set forth below, Defendant's Motion to Dismiss is DENIED in part and GRANTED in part.

## I. BACKGROUND[1]

This class action lawsuit was brought by named Plaintiff, Gary A. Macula, against Lawyers Title Insurance Company ("Lawyers Title") on behalf of himself and all others similarly situated. The Complaint alleges that Defendant, a title insurance company, knowingly and routinely charged its customers far in excess of its statutorily-mandated rates. In particular, the Complaint alleges that, since the mid-1990s, Defendant has overcharged individual homeowners, including Plaintiff, by charging the full price for title insurance (the "Original Rate"), instead of the discounted rate (the "Reissue Rate") under certain circumstances. To that end, Plaintiff filed the Complaint on May 25, 2007, seeking declaratory and injunctive relief (Count I) and asserting claims for Breach of Contract (Count II), Fraud (Count III), Breach of

---

[1] The facts as stated in this Memorandum Opinion and Order are taken from the Complaint and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiff.

Fiduciary Duty (Count IV), Conversion (Count V), Unjust Enrichment (Count VI), Breach of Duty of Good Faith and Fair Dealing (Count VII) and Money Had and Received (Count VIII).

On July 31, 2007, Defendant filed the instant Motion to Dismiss the Class Action Complaint. (ECF # 9.) On September 4, 2007, Plaintiff filed an Opposition to the Motion. (ECF # 25.) Defendant filed its Reply in Support of the Motion on September 28, 2007. (ECF # 28.) On October 22, 2007, Plaintiff filed a Sur-Reply in further opposition to the Motion to Dismiss. (ECF # 33.) On January 7, 2008, Plaintiff filed a Notice of Supplemental Authority relevant to the Motion to Dismiss, again urging the Court to deny the Motion. (ECF # 34.)

From February through April 2008, this Court held several status conferences in this matter, during which counsel informed the Court of a potential resolution of this matter. (ECF # 35.) In light of the potential resolution, the Court delayed ruling on the pending Motion to Dismiss. (ECF # 36, ECF # 39.) On July 8, 2008, the Court held another status conference in this matter. (ECH # 40.) During that conference, counsel informed the Court that a resolution had not been reached, and counsel for Plaintiff expressed a desire to supplement the Response to the Motion to Dismiss. (*Id.*) The Court granted Plaintiff leave to file supplemental authority, and allowed Defendant to file a brief response. (*Id.*)

On July 9, 2008, Plaintiff filed a second Notice of Supplemental Authority relevant to the Motion to Dismiss. (ECF # 41.) On July 18, 2008, Defendant filed a Response to Plaintiff's Notice of Supplemental Authority. (ECF # 42.) Thus, the Motion to Dismiss has been briefed fully and is now ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a

defendant to test the legal sufficiency of complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided.

## III. DISCUSSION

### A. Count I: Declaratory Relief and Injunctive Relief

In Count I of the Complaint, Plaintiff alleges that he and the putative class members (collectively "Plaintiffs") are entitled to an order declaring that: (a) he qualified for a Reissue Rate in connection with the refinancing of the existing mortgage on his home, which occurred on or about May 20, 2004; (b) Lawyers Title was obligated to give Reissue Rates to Plaintiff and the putative class members, and to inform them that they qualified for such discounted rates; and (c) Lawyers Title violated Ohio law by failing to give them Reissue Rates for which they qualified, and by failing to inform them that they qualified for such discounted rates. (ECF # 1 at ¶ 40.) Plaintiffs further allege that they are entitled to a permanent injunction requiring Lawyers Title to identify and notify in writing all owners of residential real estate who paid premiums for the purchase of title insurance from it of the conditions upon which they may qualify for a Reissue Rate. (*Id.* at ¶ 41.) Plaintiffs claim entitlement to such relief based upon their assertion that there exists no adequate remedy at law. (*Id.*)

In its Motion to Dismiss, Lawyers Title addresses Count I of the Complaint in summary fashion, stating that "if the Complaint cannot state a substantive claim, claims for declaratory and injunctive relief are also properly dismissed." (ECF # 9 at 12.) In opposition, Plaintiffs assert that "all counts in the Complaint state viable claims and are not subject to dismissal as a matter of law." (ECF # 25 at 11, n.8.) On this basis, Plaintiffs claim that the Motion to Dismiss with respect to Count I has no merit. (*Id.*)

Count I of the Complaint does not contain an independent cause of action. To the contrary, Count I asserts entitlement to a remedy, should Plaintiffs prevail on their substantive

claims. As such, the Court will consider the request for equitable relief set forth in Count I if and when Plaintiffs establish their right to relief under a substantive claim. *See e.g., In re Rospatch Sec. Litig.*, 760 F. Supp. 1239, 1265 (W.D. Mich. 1991).

### B. Count II: Breach of Contract

In Count II of the Complaint, Plaintiffs assert that Lawyers Title entered into a contract with them, the terms of which include the obligation to charge a premium in accordance with the rate schedule that Lawyers Title filed with the Ohio Department of Insurance. (ECF # 1 at ¶¶ 43-44.) Plaintiffs allege that, pursuant to the contract, Lawyers Title was obligated to charge them discounted Reissue Rates for title insurance, and to inform them that they qualified for such discounted rates. (*Id.* at ¶ 45.) Plaintiffs further allege that Lawyers Title breached the contract by overcharging them, and by failing to inform them that they qualified for the discounted rates. (*Id.* at ¶ 46.) As a result of the alleged breach of contract, Plaintiffs claim that they have suffered damages in an amount to be established at trial. (*Id.* at ¶ 47.)

Similar to its argument concerning declaratory and injunctive relief, Lawyers Title addresses Count II of the Complaint in summary fashion in its Motion to Dismiss, stating that, "even assuming the existence of a contract that impliedly incorporates the Rate Schedule, . . .a breach must be adequately alleged by factual allegations that, if proven, would demonstrate actual entitlement to a reissue rate." (ECF # 9 at 10.) According to Lawyers Title, "the factual allegations of the Complaint simply fail to support [the] alleged entitlement to a discounted rate above the speculative level," and, as such, this Count should likewise be dismissed. (*Id.* at 13.)

In this case, Plaintiffs have alleged the existence of an "implied-in-fact" contract between themselves and Lawyers Title. The alleged contract consists of an agreement pursuant to which

Plaintiffs would pay an insurance premium, and Lawyers Title would issue an insurance policy to the lender. Ohio has long recognized contracts implied in law as enforceable contracts. *See Legros v. Tarr*, 44 Ohio St.3d 1, 6 (1989); *Hummel v. Hummel*, 133 Ohio St. 520, 525 (1938). An implied-in-fact contract requires assent through offer and acceptance, but the terms of the agreement are determined by the Court based upon the facts and circumstances surrounding the transaction. *See Linder v. Am. Nat'l. Ins. Co.*, 155 Ohio App. 3d 30, 37 (2003).

Here, the Complaint includes direct and indirect allegations with respect to the essential elements of a claim for breach of an implied-in-fact contract. Plaintiffs allege that they agreed to pay a premium for title insurance provided by Lawyers Title, that they paid this premium, and that Lawyers Title provided a policy of insurance to Plaintiffs' lenders. Plaintiffs further allege that one of the implied terms of the contract was that Lawyers Title would charge the proper legal rate for the provision of that insurance policy. Ohio law supports this allegation; in Ohio, an inferred term of every contract is that it adheres to the applicable law. *See Gibson v. Meadow Gold Dairy*, 88 Ohio St.3d 201, 204 (2000). Finally, Plaintiffs allege that Lawyers Title breached this implied term by charging them a higher amount than was allowed by law. Thus, Plaintiffs have alleged offer, acceptance, and consideration, thereby establishing the existence of a contract, and they have alleged a breach of the terms that contract. Nothing more is required at this stage of the litigation. To the extent that the Motion to Dismiss applies to Count II of the Complaint, the Motion is DENIED.

### C. Count III: Fraud

In Count III of the Complaint, Plaintiffs allege, *inter alia*, that Lawyers Title "made false and materially misleading representations regarding the applicable premium for title insurance

and/or failed to disclose material information while under a duty to speak." (ECF # 1 at ¶ 50.) Plaintiffs assert that they reasonably relied upon these materially misleading representations and/or omissions to their detriment, and they have suffered damages in an amount to be established at trial. (*Id.* at ¶¶ 55-56.)

Pursuant to Rule 9(b), a claim for fraud must be pled with particularity. Fraud encompasses negative misrepresentations "such as the failure of a party to a transaction to fully disclose facts of a material nature where there exists a duty to speak." *Interim Healthcare of Northeast Ohio, Inc. v. Interim Servs., Inc.*, 12 F. Supp. 2d 703, 712 (N.D. Ohio 1998) (citation omitted). The Complaint alleges that Lawyers Title failed to disclose to Plaintiffs that they were entitled to a discounted rate on their title insurance premiums, that Lawyers Title had a duty to disclose this fact because the discounted rates are statutorily mandated, that Plaintiffs paid the overstated rate, thereby relying on the misrepresentation, and that their reliance resulted in a monetary loss to them. The Court finds that, at this stage of the litigation, Plaintiffs have provided factual allegations sufficient to survive a Motion to Dismiss. As such, to the extent that it applies to Plaintiffs' claim of fraud by omission, the Motion to Dismiss is DENIED.

To the extent that the Motion to Dismiss applies to Plaintiffs' attempt to set forth a fraud claim based upon affirmative misrepresentations, the Motion is likewise DENIED. Here, the Complaint includes facts setting forth the time, place and content of the alleged misrepresentation i.e., "on or about May 20, 2004, defendant made the false and materially misleading representation that the applicable premium for title insurance was $312.00...." (Compl. ¶ 51.) Accordingly, Plaintiffs' claim for affirmative fraud satisfies Rule 9(b)'s requirement that fraud be pleaded with particularity.

**D. Count IV: Breach of Fiduciary Duty**

In Count IV of the Complaint, Plaintiffs allege that Lawyers Title owed a fiduciary duty to them.  (ECF # 1 at ¶ 59.)  Plaintiffs claim that Lawyers Title breached that fiduciary duty by failing to charge them the discounted rates for which they qualified, and by failing to inform them that they qualified for such rates.  (*Id.* at ¶ 60.)  Plaintiffs allege damages in an amount to be established at trial as a proximate result of the breach.  (*Id.* at ¶ 61.)

In Ohio, a fiduciary relationship can be created out of an informal relationship, so long as both parties understand that special trust or confidence has been reposed by one party in the other.  *See Randleman v. Fidelity Nat'l Title Ins. Co.*, 465 F. Supp. 2d 812, 823 (N.D. Ohio 2006).  In these circumstances, however, Plaintiffs' Complaint provides no facts to support a claim of breach of fiduciary duty.  Instead, the Complaint merely makes conclusory legal assumptions that do not provide fair notice of the grounds upon which the claim may rest.  As such, Plaintiffs fail to properly assert a claim for a breach of fiduciary duty, and the Motion to Dismiss this claim is GRANTED.

**E. Count V: Conversion**

In Ohio, conversion is defined as the "wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding from his possession under a claim inconsistent with his rights."  *See Zacchini v. Scripps-Howard Broadcasting Co.*, 47 Ohio St. 2d 224, 226 (1976), *rev'd on other grounds*, 433 U.S. 562 (1977).  An action for conversion, however, will "not lie unless identification is possible and there is an obligation to deliver the specific money in question."  *See NPF IV, Inc. v. Transitional Health Servs.*, 922 F. Supp. 77, 81 (S.D. Ohio 1996).  Conversion of money occurs only when the money is specifically earmarked,

or capable of identification such as "money in a bag, coins or notes that have been entrusted to the defendant's care, or funds that have otherwise been sequestered." *Haul Transport of VA, Inc. v. Morgan*, 1995 WL 328995, at *4 (Ohio App. 2nd Dist. 1995). Thus, conversion of money takes place where there is an obligation to keep intact and deliver specific money, "rather than to merely deliver a certain sum." *Id.*

Here, Plaintiffs do not allege that the money they paid to Lawyers Title was identifiable, or that Lawyers Title is obligated to return the specific money (i.e. specific bills) to them. Rather, Plaintiffs merely claim that they are entitled to a refund or credit for an overcharge. Accordingly, Plaintiffs fail to state a claim for conversion, and the Motion to Dismiss is GRANTED with respect to this claim.

### F. Count VI: Unjust Enrichment

Unjust enrichment occurs when a person "has and retains money or benefits which in justice and equity belong to another." *Johnson v. Microsoft Corp.*, 106 Ohio St. 3d 278, 286 (2005). Restitution is available as a remedy for unjust enrichment when the following factors are established: (1) a benefit is conferred by a plaintiff on a defendant; (2) the defendant knows about the benefit; and (3) the defendant retains the benefit under circumstances where it is unjust to do so without payment. *See Hambleton v. R.G. Berry Corp.*, 12 Ohio St. 3d 179, 183 (1984).

In this case, Plaintiffs have alleged that they conferred a benefit on Lawyers Title in the form of an overpayment for the title insurance policy issued in connection with their refinancing. They allege that Lawyers Title knew, or should have known, that it was overpaid for the policy, and that it would be unjust to allow it to retain that benefit. This is sufficient to state a claim for unjust enrichment. As such, the Motion to Dismiss is DENIED as it applies to Plaintiffs' claim

for unjust enrichment.

### G. Count VII:  Breach of Duty of Good Faith and Fair Dealing

As discussed in Section III.B. of this Memorandum Opinion and Order, the Complaint includes direct and indirect allegations with respect to the essential elements of a claim for breach of an implied-in-fact contract.  In Ohio, contracts contain an implied duty of good faith and fair dealing.  "If a breach of duty of good faith and fair dealing is asserted as part of a contract claim," however, "it must be alleged as part of the contract count, and may not stand alone."  *Chesner v. Stewart Title Guar. Co.*, No. 1:06CV00476, 2008 WL 553773, at *15 (N.D. Ohio Jan. 23, 2008) (*citing Lakota Local Sch. Dist. v. Brickner Bd. of Educ.*, 108 Ohio App.3d 637, 646, 671 N.E.2d 578 (6th Dist.1996)).  Thus, Plaintiffs' claim that Lawyers Title breached its duty of good faith and fair dealing shall be subsumed into the claim for breach of contract contained in Count II of the Complaint, and the independent claim, contained in Count VII of the Complaint, is thus DISMISSED.

### H. Count VIII:  Money Had and Received

Ohio common law recognizes an action for money had and received when a party to a contract has fully performed and another party has been unjustly enriched thereby.  *See National City Bank, Norwalk v. Stang*, 84 Ohio App.3d 764, 766-67 (6th Dist. 1992).  In this case, Plaintiffs allege facts sufficient to survive the Motion to Dismiss.  As such, the Motion to Dismiss Plaintiffs' claim for money had and received is DENIED.

### IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss is DENIED IN PART and

GRANTED IN PART. (ECF # 9.)  More specifically, as to Count II (breach of contract), Count III (fraud), Count VI (unjust enrichment), and Count VIII (money had and received) the Motion to Dismiss is DENIED.  Conversely, the Motion is GRANTED with respect to Count I of the Complaint for declaratory and injunctive relief.  As stated herein, the Court will consider the request for equitable relief set forth in Count I if and when Plaintiffs establish their right to relief under a substantive claim.  With respect to Count VII, for breach of duty of good faith and fair dealing, Plaintiffs' claim shall be subsumed into the claim for breach of contract contained in Count II of the Complaint.  The Motion to Dismiss Count VII is thus GRANTED.  Further, because Plaintiffs fail to properly assert a claim for a breach of fiduciary duty in Count IV of the Complaint, the Motion to Dismiss this claim is GRANTED.  Similarly, because Plaintiffs fail to state a claim for conversion, the Motion to Dismiss is GRANTED with respect to Count V of the Complaint.

      IT IS SO ORDERED.

                                *s/ Donald C. Nugent*
                                DONALD C. NUGENT
                                United States District Judge

DATED: August 14, 2008