IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY MACULA, *et al.*, | ) | CASE NO.: 1:07 CV 1545 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| LAWYERS TITLE INSURANCE CORP., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Lawyers Title Insurance Corporation (ECF # 71) and a Motion to Stay the Proceedings filed by Plaintiff Gary Macula (ECF # 72). For the reasons set forth below, the Motions are DENIED.

## I. BACKGROUND

This lawsuit was brought by Plaintiff, Gary Macula, against Lawyers Title Insurance Company ("Lawyers Title") on behalf of himself and all others similarly situated. The Complaint alleges that Defendant, a title insurance company, knowingly and routinely charged its customers far in excess of its statutorily-mandated rates. In particular, Plaintiff alleges that, since the mid-1990s, Defendant has overcharged individual homeowners, including him, by charging the full price for title insurance, instead of the discounted rates as set forth in PR-9 and PR-10 of the Manual of Rates filed with the Ohio Department of Insurance.

Plaintiff filed the Complaint in this Court on May 25, 2007 pursuant to the Class Action Fairness Act of 2005 ("CAFA"), seeking declaratory and injunctive relief (Count I) and asserting claims for Breach of Contract (Count II), Fraud (Count III), Breach of Fiduciary Duty (Count IV),

Conversion (Count V), Unjust Enrichment (Count VI), Breach of Duty of Good Faith and Fair Dealing (Count VII), and Money Had and Received (Count VIII). On August 14, 2008, in an Opinion and Order granting in part and denying in part Defendant's Motion to Dismiss the Class Action Complaint, Plaintiff's claims for declaratory and injunctive relief (Count I), Breach of Fiduciary Duty (Count IV), Conversion (Count V) and Breach of Duty of Good Faith and Fair Dealing (Count VII) were dismissed. (ECF # 43.) Further, Plaintiff's Motion for Class Certification was denied in an November 9, 2009 Opinion and Order. (ECF # 70.)

On December 24, 2009, Defendant filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF # 71.) On January 25, 2010, Plaintiff filed a Combined Motion to Stay the Proceedings and an Opposition to Defendant's Motion to Dismiss. (ECF # 72.) On January 29, 2010, Plaintiff likewise filed a Notice of Supplemental Authority in support of his Combined Motion to Stay the Proceedings and an Opposition to Defendant's Motion to Dismiss. (ECF # 73.) Finally, on February 8, 2010, Defendant filed a Reply Brief in Support of its Motion to Dismiss and an Opposition to the Motion to Stay. (ECF # 74.)

## II. DISCUSSION

This Court has been called upon to decide whether Plaintiff's individual claims may remain in this Court, given that jurisdiction at the outset was based upon the CAFA and class certification has been denied. In its Motion, Defendant moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), to dismiss Plaintiff's remaining claims in light of the denial of class certification. (ECF # 71.) More specifically, Defendant states:

> Simply put, while this Court had jurisdiction before its ruling on class certification, and it would have had jurisdiction afterwards had the Court approved the case for class action treatment, § 1332(d)(8) removed jurisdiction upon the denial of class

> certification. That is demonstrated by both the express language of the [CAFA] and the ample case law addressing the issue. *See* 28 U.S.C. § 1332(d)(2) and (8). All that remains of this case is Plaintiff Gary A. Macula's individual claim, which falls far short of the $75,000 amount in controversy requirement needed to establish jurisdiction over his individual claim.

(*Id.*) Because it argues that Plaintiff's individual claims cannot remain in federal court, Defendant moves this Court to dismiss the instant case. (*Id.*)

In opposition to Defendant's Motion, Plaintiff argues that jurisdiction is assessed at the time that the action is filed, and it may not be divested based upon subsequent events. (ECF # 72 at 3.) Plaintiff points to the fact that in *Chesner v. Stewart Title Guaranty Company*, No. 1:06CV00476, 2009 WL 585823 (N.D. Ohio Jan. 9, 2009), a case with facts substantially similar to those in the instant case, the Court retained jurisdiction over the individual claims after decertifying the class. (*Id.* at 4.) It also directs this Court's attention to, *inter alia*, the case of *Faralli v. Hair Today, Gone Tomorrow*, No. 1:06 CV 504 (N.D. Ohio Mar. 23, 2007), wherein the Court denied class certification but retained subject matter jurisdiction over the remaining individual claims. (*Id.*)

The Seventh Circuit recently addressed this issue in *Cunningham Charter Corp. v. Learjet, Inc.*, No. 09-8042, 2010 U.S. App. LEXIS 1452 (7th Cir. Jan. 22, 2010), wherein it found that "federal jurisdiction under the [CAFA] does not depend on certification...." *See id.* at *4 (joining the Eleventh Circuit in *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009)). In reaching this determination, the Court relied upon the general principle that properly invoked jurisdiction is not lost by subsequent developments. *Id.* at *5. Although the Court recognized exceptions to that general principle that may apply in cases involving the CAFA, it found none of them to be applicable to the case before it. *Id.* at *6.

Having thoroughly reviewed the record in this case, this Court likewise finds it appropriate to retain jurisdiction in this instance. The Court finds no exception applicable to this case that undermines the general rule that jurisdiction is assessed at the time that the action is filed, and it may not be divested based upon subsequent events. As observed by the Seventh Circuit in *Cunningham*, this general rule is premised upon a desire to minimize expense and delay. *Id.* This matter has been pending in this Court since May 25, 2007, and the Court has issued multiple decisions in this matter. Here, as in *Cunningham*, this Court simply cannot find that Plaintiff's attempt to maintain the suit as a class action was frivolous. Hence, contrary to Defendant's position, it cannot find that there was no jurisdiction at the outset. Based upon the foregoing, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED. (ECF # 71.)

The Court now turns to Plaintiff's Motion to Stay the Proceedings. (ECF # 72.) Plaintiff has moved to the stay the instant case pending a decision from the Sixth Circuit in the parallel case of *Randleman v. Fidelity National Title Insurance Co.*, No. 3:06-CV-0709. According to Plaintiff, the Sixth Circuit's review of a decertification order in *Randleman* may lead Plaintiff to seek this Court's reconsideration of its denial of class certification in the instant case. (*Id.* at 2.) To the extent that the Sixth Circuit's ruling may impact this Court's class certification decision, the Court shall examine the issue upon written motion after such ruling takes place. Given the uncertainty of whether the outcome of the pending appeal may result in the Court revisiting the issue of certification here, and the fact that any such stay would result in a delay of the proceedings in the instant case, the Motion to Stay is DENIED. (ECF # 72.)

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED. (ECF # 71.) Plaintiff's Motion to Stay the Proceedings is likewise DENIED. (ECF # 72.)

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: March 30, 2010