UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY A. MACULA, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.1:07 CV 1545 |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| LAWYERS TITLE INSURANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court pursuant to the Defendant's Motion to Vacate Order of Dismissal Or, In the Alternative, Motion for Relief from Same. (ECF #81) In this Motion Defendant requests that the Court either, vacate pursuant to Fed. R. Civ. P. 59, its prior marginal order (ECF #79) granting Plaintiff's Motion for Voluntary Dismissal and its Order of Dismissal (ECF #80), or in the alternative, grant Defendant relief from those orders pursuant to Fed. R. Civ. P. 60 and enter a new order denying Plaintiff's Motion for Voluntary Dismissal (ECF #78) and finding that Plaintiff's individual claim has been rendered moot by Defendant's Rule 68 Offer of Judgment, thus depriving the Court of subject matter jurisdiction. Defendant further asks the Court to enter Judgment pursuant to Defendant's Offer of Judgment in favor of Plaintiff over Plaintiff's objection and set deadlines for Plaintiff's filing of a motion to tax costs and for Defendant's response.

Plaintiff Gary Macula brought this action as a class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), on his own behalf and on behalf of other similarly situated consumers who were allegedly overcharged by Defendant Lawyers Title Insurance Corporation

for title insurance. Plaintiff's Motion for Class Certification was denied on November 9, 2009. Thereafter, Defendant Moved to Dismiss the action for Lack of Subject Jurisdiction on the ground that without a class of plaintiffs, Mr. Macula's individual claim fell short of the $75,000 amount in controversy requirement of 28 U.S.C. § 1332. That motion was denied by the Court on March 30, 2010.

The Court held a status conference with all counsel on April 15, 2010. At that conference counsel for Defendant indicated that they had made a Rule 68 Offer of Judgment to Plaintiff on April 14, 2010, which defense counsel believed would conclude the case. Plaintiff argued that the class certification issue remained and suggested a voluntary dismissal without prejudice upon certain conditions. The Court left it to the parties to file whatever motions they deemed proper and set a trial date of August 25, 2010.

On April 26, 2010, Plaintiff filed a Motion for Voluntary Dismissal without Prejudice and with Specified Conditions pursuant to Fed. R. Civ. P.41(a)(2) seeking an order of voluntary dismissal of the action without prejudice with the condition that Plaintiff will retain the right to re-file and reinstate the action within 30 days of the issuance by the Sixth Circuit Court of Appeals of a mandate reversing the decertification order of another District Court in a parallel proceeding of *Randelman v. Fidelity National Title Co.*, Civ. No. 3: 06 CV 7049. (ECF #78) In that Motion, Plaintiff stated that he had rejected Defendant's Rule 68 Offer of Judgment and preferred a voluntary dismissal with the specified condition because it would save both party and judicial resources. If the Court granted Plaintiff's motion, the case would be terminated and only be reinstated if the Sixth Circuit overturned the decertification order in *Randelman*. If the Court entered judgment in favor of Plaintiff pursuant to Defendant's Offer of Judgment over Plaintiff's

2

objection, Plaintiff's time to appeal the denial of class certification would begin immediately, forcing Plaintiff to pursue a potentially unnecessary appeal or waive his rights altogether.

The Court granted Plaintiff's Motion for Voluntary Dismissal by marginal order on April 27, 2010 and entered an Order of Dismissal on May 3, 2010, dismissing the action without prejudice with the 30 day refiling/reinstatement condition sought by Plaintiff. (ECF #80).

Almost a month later Defendant filed its Motion to Vacate the Court's Dismissal Orders. Defendant argues that the Court lacked discretion to do anything other than deny Plaintiff's Motion, find that Plaintiff's claims were moot, and enter judgment pursuant to the tender and Offer of Judgment. While the Court acted prematurely in granting Plaintiff's Motion for Voluntary Dismissal without waiting for Defendant's response time to expire, the Court did not lack discretion to rule on the Motion. Based upon the conversation at the status conference the Court was aware that Defendant had made an Offer of Judgment which it believed mooted Plaintiff's individual claim. Unless or until Defendant chose to move to dismiss Plaintiff's claim for lack of subject matter jurisdiction, attaching the Offer of Judgment as the basis for that motion, that issue was not properly before the Court. The Court waited for the parties to file their respective motions as discussed at the April 15, 2010 status conference and Plaintiff was the only party to file a motion. As the Court ruled before Defendant's response time had run, the Court will consider Defendant's Motion to Vacate as its response to Plaintiff's Motion and as a Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Court heard oral arguments on the Motion to Vacate on December 14, 2010 and permitted the parties to file supplemental briefs on or before January 4, 2011. Both parties filed supplemental briefs. The Motion to Vacate is now ready for decision.

By letter dated April 14, 2010, from defense counsel Mark Brown to Plaintiff's counsel Mark Koberna, Lawyers Title "hereby unconditionally delivers to Mr. Macula a cashier's check in the amount of $365.20. This amount is greater than the amount of any damages to which Mr. Macula would be entitled by law if he were to prevail at trial, and it includes a refund of the claimed $78 overcharge and Ohio statutory interest. In addition, Lawyer's Title tenders all court costs that may be taxed by the court for either individual or Rule 23 actions (as you know, Mr. Macula's attorneys' fees do not qualify)."(ECF #81, Ex. B) Defendant argues that this Offer of Judgment satisfies Plaintiff's entire demand and thus moots Plaintiff's case depriving the Court of subject matter jurisdiction. As such, the Court should enter judgment in favor of Plaintiff in accordance with the Offer of Judgment. *See O'Brien v. Donnelly*, 575 F.3d 567 (6th Cir. 2009).

In *O'Brien*, the district court had initially certified a class of plaintiffs under the Fair Labor Standards Act ("FLSA") consisting of two lead plaintiffs and eight opt-in plaintiffs. Thereafter, the district court decertified the class, dismissing the eight opt-in plaintiffs without prejudice. The eight opt-in plaintiffs filed individual complaints alleging violations of FSLA and the corresponding Ohio statute (Counts 1 and 2) and seeking liquidated damages under Ohio law (Count 3). The Defendants made offers of judgment pursuant to Fed. R. Civ. P. 68 to all eight of the plaintiffs consisting of the full amount of claimed damages sought in Counts 1 and 2 plus reasonable attorney fees as determined by the Court. The offer allowed the district court to decide Count 3 on its merits. The Plaintiffs rejected the offer of judgment, however the district court found that Defendants' offer of judgment mooted counts 1 and 2 and entered judgment in favor of the Plaintiffs in the amount of the offer on Counts 1 and 2. The Court also determined

4

reasonable attorney fees and costs.[1] On appeal, the Sixth Circuit stated:

> We agree with the Seventh Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand moots the case . . . We disagree, however, with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand. . . . Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, as the district court did in this case following the lead of district courts in the Second Circuit.

*Id*. at 574-575 (citations omitted.) However, as Plaintiff correctly points out, the plaintiffs in the *O'Brien* case were not bringing a collective action but had filed individual complaints thus the Sixth Circuit noted that it was not concerned that the plaintiffs had "been picked off by defendants to avoid the onslaught of a putative collective action." *Id.* Since *O'Brien* did not concern the issue of whether an offer of judgment on a class action plaintiff's individual claim moots his class action complaint, Plaintiff asserts that *O'Brien* is inapplicable and that this action is controlled by the Supreme Court's decision in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980). In *Roper*, Chief Justice Burger framed the issue before the Court as follows:

> We granted certiorari to decide whether a tender to named plaintiffs in a class action of the amounts claimed in their individual capacities, followed by the entry of judgment in their favor on the basis of that tender, over their objection, moots the case and terminates their right to appeal the denial of class certification.

*Roper*, 455 U.S. at 327. The Respondents in *Roper* filed a class action based on the provisions of the National Bank Act against Deposit Guaranty Nation Bank (the "Bank" or "Petitioner"). The

---

[1] The Defendants asked the Court to consider their offer of judgment in their Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. While an offer of judgment cannot be used to support or challenge the merits of a claim or to influence the trier of fact, it can be used to show that the court lacks subject matter jurisdiction. *See O'Brien, supra* at 574.

5

District Court denied Respondent's motion for class certification and certified the order denying class certification for discretionary interlocutory appeal pursuant to 28 U.S.C. §1292(b). The Fifth Circuit denied Respondents' motion for interlocutory appeal. The Bank then made an "Offer of Defendants to Enter Judgment as by Consent and Without Waiver of Defenses or Admission of Liability," for the maximum amount that each Plaintiff could have recovered, including legal interest and court costs. Respondents declined to accept the tender. The District Court entered judgment in Respondents' favor based upon the Bank's offer, over Respondents' objection, and dismissed the action. The Respondents sought review of the class certification ruling in the Court of Appeals. The Bank argued that the case had been mooted by the entry of judgment in Respondents' favor. The Court of Appeals rejected the Bank's mootness argument, reviewed the ruling on class certification, determined that all of the requisites of Rule 23 had been met and reversed the adverse class certification ruling, remanding the case with directions to certify the class and for further proceedings. While certiorari was sought to review the holdings of the Court of Appeals on both the mootness and class certification findings, the Supreme Court limited its writ to the question of mootness.

The Supreme Court noted that Respondents never accepted the tender and maintained throughout the appellate litigation that they had a continuing individual interest in the resolution of the class certification question in their desire to shift part of the costs of litigation to those who will share in its benefits if the class is certified and ultimately prevails. Based upon this record the Court found that:

> the District Court's entry of judgment in favor of named plaintiffs over their objections did not moot their private case or controversy, and that respondents' individual interest in the litigation-as distinguished from whatever may be their representative responsibilities to the putative class

6

is sufficient to permit their appeal of the adverse certification ruling. *Id*. at 340. Thus, the Court held that the Court of Appeals had jurisdiction to entertain the appeal only to review the asserted procedural error of denial of class certification and not for the purpose of passing on the merits of the substantive controversy. *Id*. at 336.

Defendant argues that the *Roper* decision is limited to its holding that a named class action Plaintiff, such as the Plaintiff in this case, retains the right to appeal the denial of his motion for class certification after judgment is entered in his favor over his objection. Plaintiff disagrees arguing that *Roper* further demonstrates that Plaintiff's claim is not moot because he retains a continuing individual interest in the resolution of the class certification question and thus the District Court retained subject matter jurisdiction after denial of class certification and an ensuing individual offer of judgment to grant Plaintiff's Motion to Dismiss without prejudice. The Supreme Court in *Roper* specifically declined to speculate on the correctness of the District Court in accepting the tender in the first instance, noting that the judgment of the District Court accepting the Bank's tender had been set aside by the Court of Appeals. *Id.* at 337.

The Sixth Circuit has expressed agreement with Defendant's view of the limited holding in *Roper* and *United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980), noting that "the holdings in these cases are limited to the question of a proposed class representative's right to appeal the denial of class certification. ..." *Brunet v. City of Columbus*, 1 F.3d 390, 400 (6th Cir. 1993).

Following the Sixth Circuit's interpretation of *Roper*, it is clear that Defendant's Offer of Judgment, which satisfies Plaintiff's entire demand in this action[2], moots Plaintiff's individual

---

[2]

While Plaintiff initially argued that Defendant's Offer of Judgment did not satisfy

7

claims and deprives this Court of subject matter jurisdiction. Accordingly, Defendant's Motion to Vacate the Orders of Dismissal (ECF #81) is granted; the Court's Marginal Order (ECF #79) and Order of Dismissal (ECF #80) will be vacated; Plaintiff's Motion for Voluntary Dismissal (ECF # 78) is DENIED; and, judgment for Plaintiff in accordance with Defendant's Rule 68 Offer of Judgment will entered. Plaintiff may file a Motion to Tax Costs within 30 days of entry of this Order and Defendant will respond to Plaintiff's Motion to Tax Costs within 14 days.

    IT IS SO ORDERED.

                                                    */s/Donald C. Nugent*
                                                  DONALD C. NUGENT
                                                  United States District Judge

DATED: February 1, 2011

---

Plaintiff's entire demand in that it did not include attorneys' fees or litigation costs, Plaintiff did not push that claim in further briefing or at oral argument since the Offer of Judgment includes all costs recoverable under the Federal Rules of Civil Procedure and does not include attorneys' fees because Plaintiff has never identified a basis for recovery of attorney fees in this action.